## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## SOUTHRN DIVISION

| | | |
|---|---|---|
| **BARBARA MCKEITHAN** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE** |
| | ) | **NUMBER: _____** |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Comes now the Plaintiff, Barbara McKeithan, and hereby files her Complaint against The Lincoln National Life Insurance Company.

## PARTIES

1.      The Plaintiff, Barbara McKeithan ("Ms. McKeithan"), is an insured under Group Long Term Disability Plan for employees of Unilever United States, Inc., identified as Group Insurance Policy GF3-850-290886-01 ("the Plan"), who has been improperly denied disability benefits under the Plan.

2.      Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is the Administrator of the Plan. Upon information and belief, Lincoln is a foreign corporation incorporated in the State of Massachusetts, which conducts business generally in the State of Alabama and specifically within this District.

1

## JURISDICTION AND VENUE

3.      This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.  Plaintiff asserts claims for long term disability ("LTD") benefits, enforcement of ERISA rights and statutory violations of ERISA under 29 U.S.C. § 1132, specifically, Ms. McKeithan brings this action to recover benefits due to her pursuant to 29 U.S.C. §1132(a)(1)(B) and to enforce her rights under the Plan pursuant to 29 U.S.C. §1132(a)(3).  This Court has subject matter jurisdiction under ERISA without respect to the amount in controversy or the citizenship of the parties.  29 U.S.C. §§ 1132(a), (e)(1) and (f) and 28 U.S.C. § 1131. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

## INTRODUCTION

4.      The Plaintiff in this case was subjected to improper claim handling procedures by Lincoln as it exploited the shortcomings of ERISA as it relates to claims for "welfare" benefits to avoid paying Ms. McKeithan's valid claim for disability benefits. The traditionally held purpose of the ERISA statute is "to promote the interest of employees and their beneficiaries in employee benefit Plans." *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983). Ms. McKeithan, as an employee insured was supposed to be treated as a beneficiary by Lincoln as a statutory fiduciary. Instead, Lincoln has breached those duties and victimized Ms. McKeithan

2

by engaging in improper claim handling procedures. As described in more detail below, Lincoln has clearly engaged in bad faith claim handling and Ms. McKeithan, at minimum, is entitled to *de novo* review and all relief that ERISA provides.

## STATEMENT OF FACTS

5.      Ms. McKeithan is an insured for benefits under the Plan. Lincoln is the administrator of the Plan. The Plan provides insureds, like Ms. McKeithan, LTD benefits and was in full force and effect at all times relevant to this Complaint.

6.      At all relevant times, Ms. McKeithan was employed by Unilever United States, Inc. and was a covered participant in the Plan, as defined in 29 U.S.C. § 1002(7) and under the terms and conditions of the Plan.

7.      Ms. McKeithan, a woman fifty-five (55) years of age, worked at Unilever United States, Inc. until her disabilities forced her to stop working on or about July 9, 2018.

8.      Ms. McKeithan was employed by Unilever United States, Inc. as a Process Technician.

9.      Ms. McKeithan's medical disabilities include bilateral rotator cuff tears, status post left and right arthroscopy, chronic venous insufficiency, and chronic pain. The symptoms of her impairments and the side effects of the medications and treatment prescribed render Ms. McKeithan unable to perform any job.

10.     Ms. McKeithan underwent left shoulder arthroscopy, subacromial decompression, and rotator cuff repair on July 10, 2018.

11.     Right shoulder arthroscopy, subacromial decompression, and rotator cuff repair was performed on May 7, 2019.

12.     By letter dated January 23, 2021, Lincoln wrongfully terminated Ms. McKeithan's LTD benefits beyond January 20, 2021.

13.     The Plan at issue, as governed by ERISA and relied upon to deny Ms. McKeithan's LTD benefits states, in part:

> "Disability" or "Disabled" means:
> 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:
>    i.   that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupations; and
>    ii.  thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

14.     Using this test of disability, Lincoln found Ms. McKeithan disabled and approved her LTD benefits for twenty-four (24) months, as Ms. McKeithan's rotator cuff tears and chronic pain prevented her from performing the material and substantial duties of her own occupation.

15.     However, on January 23, 2021, Lincoln reversed course and terminated Ms. McKeithan's LTD benefits. The termination of LTD benefits was based at least in part upon consulting physician Dr. Dorothy M. Griggs ("Dr. Griggs").

16.     Dr. Griggs recognized that "[s]ignificant impairment exists due to chronic bilateral shoulder pain with limited motion for end ranges of rotation and overhead movement and weakness in these same ranges." Dr. Griggs also acknowledged that Ms. McKeithan required frequent position changes and the ability to elevate her legs while sitting as well as limitations in standing, walking, reaching, and lifting.

17.     Despite these admitted impairments, Dr. Grigg issued restrictions and limitations which underestimated Ms. McKeithan's chronic pain and limited mobility.

18.     Lincoln relied upon Dr. Grigg's opinion and terminated Ms. McKeithan's LTD benefits beyond January 20, 2021.

19.     Ms. McKeithan appealed the termination of benefits in a letter dated February 2, 2021.

20.     Ms. McKeithan's February 2, 2021 correspondence noted that she remained under medical restrictions. This appeal also noted that, while Lincoln and Dr. Grigg claimed that Ms. McKeithan failed to pursue recommended treatment such as a nerve conduction study, Ms. McKeithan had actually undergone this procedure on March 28, 2019.

21.     Ms. McKeithan included with her appeal documentation of ongoing physical therapy.

22.     Despite providing proof of her disability both before the termination of benefits and throughout the appeals process, Lincoln refused to award Ms. McKeithan's LTD benefits and issued its final termination by letter dated April 24, 2021.

23.     In the final termination letter dated April 24, 2021, Lincoln relied on the opinions of paid medical reviewer Dr. Craig Lankford ("Dr. Lankford").

24.     Dr. Lankford acknowledged that, as Ms. McKeithan experienced poor response to prior bilateral shoulder surgery, had undergone extensive physical therapy, and experienced continued chronic shoulder pain, limited range of motion, and weakness, her restrictions and limitations were expected to be permanent.

25.     Despite noting her extensive medical history and poor response to treatment, Dr. Lankford nevertheless concluded that Ms. McKeithan was nevertheless capable of sustaining full-time work capacity.

26.     Although Dr. Lankford had never treated Ms. McKeithan or spoken with her treating physicians, this paid reviewer opined that Ms. McKeithan was now able to resume full-time work activity.

27.     Dr. Lankford's opinion, as reflected in the termination letter dated April 24, 2021, solely focused on Ms. McKeithan's physical functionality and failed to consider Ms. McKeithan's non-exertional limitations.

28.     Lincoln relied on Dr. Lankford's opinion in terminating Ms.

McKeithan's benefits, and informed Ms. McKeithan in its April 24, 2021 denial letter that she could "bring a civil action."

29.     As of this date, Ms. McKeithan has been denied benefits rightfully owed to her under the Plan.

30.     Ms. McKeithan has been denied benefits rightfully owed to her under the Plan.

31.     Ms. McKeithan has met and continues to meet the Plan's definition of disabled.

32.     Ms. McKeithan has exhausted any applicable administrative review procedures and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

33.     Lincoln's refusal to pay benefits has caused tremendous financial hardship on Ms. McKeithan.

## STANDARD OF REVIEW

34.     A denial of benefits challenged under 29 U.S.C. § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit Plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the Plan.

35.     When discretionary authority is clearly granted and the insurer of an ERISA plan also acts as a claims administrator, there is a structural or inherent conflict of interest that mandates a heightened arbitrary and capricious standard of

review.

36.     Upon information and belief, the Plan does not grant discretionary authority to determine eligibility for benefits to Lincoln or to any other entity who may have adjudicated Ms. McKeithan's claim. Therefore, the Court should review Ms. McKeithan's claim for benefits under a *de novo* standard.

37.     Upon information and belief, Lincoln evaluated and paid all claims under the LTD Plan at issue, creating an inherent conflict of interest.

38.     Lincoln has failed to comply with the letter of the claims procedures outlined in ERISA and therefore Ms. McKeithan's claim for benefits should be reviewed by this Court under a *de novo* standard.

39.     In the alternative, if the Court finds that Lincoln is entitled to the heightened arbitrary and capricious standard of review, the termination of Plaintiff's benefits constitutes a clear abuse of discretion as Lincoln's decision to deny Ms. McKeithan's LTD benefits was arbitrary and capricious.

## **DEFANDANT'S WRONGFUL AND UNREASONABLE CONDUCT**

40.     Lincoln has wrongfully denied LTD benefits to Ms. McKeithan, in violation of the policy provisions and ERISA, for the following reasons:

(a) Ms. McKeithan is totally disabled, in that she is prevented from performing the material and substantial duties of any occupation;

(b) Ms. McKeithan is entitled to disability benefits under the terms of

the Plan, as she meets the Plan's definition of disability and she has

otherwise met the conditions precedent of the Plan for coverage and

entitlement to benefits;

(c) Lincoln failed to accord proper weight to the evidence in the

administrative record showing that Ms. McKeithan is totally

disabled;

(d) Lincoln's interpretation of the definition of disability contained in

the Plan is contrary to plain language of the Plan, unreasonable,

arbitrary, capricious, and otherwise violated the standards required

by ERISA;

(e) Lincoln failed to obtain and consider relevant information pertaining

to Ms. McKeithan's disability before it made a final determination

in her claim for LTD benefits;

(f) Lincoln wrongfully denied Ms. McKeithan a full, fair and impartial

review of her benefits claim pursuant to 29 C.F.R § 2560.503-

1(h)(1), by ignoring the overwhelming weight and credibility of

evidence submitted and instead behaved as an adversary, looking

instead for less credible evidence of marginal significance to support

its goal of denying her benefits claim;

(g) Lincoln failed to give proper weight to Ms. McKeithan's own

accounts regarding the debilitating effects of her pain;

(h) Lincoln ignored the records and opinions of Ms. McKeithan's treating physicians which show that Ms. McKeithan is disabled, and instead based its decision to deny benefits on its internal review by Lincoln staff members and its paid reviewers, who had never seen or treated Ms. McKeithan and who were not as qualified as Ms. McKeithan's treating physicians to formulate opinions regarding the nature and extent of her disability;

(i) Lincoln failed to exercise reasonable flexibility in its claims review process to assure Ms. McKeithan a full, fair review, well-reasoned, and principled of her claim;

(j) Lincoln administered Ms. McKeithan's claim for LTD benefits while acting under an inherent and substantial conflict of interest in that Lincoln served both as fiduciary of and funding source for the Plan, and placed its own pecuniary interests above Ms. McKeithan's interest in wrongfully terminating her LTD benefits and failing to administer the Plan as an impartial decision-maker, free of such conflict of interest, would;

(k) Lincoln made erroneous interpretations of some evidence in violation of its obligation to discharge its duties with care, prudence,

skill, and diligence;

(l) Lincoln acted in bad faith by denying Ms. McKeithan's claim based upon the inability of Lincoln's paid reviewers to find Ms. McKeithan disabled, and otherwise failed to administer the Plan honestly, fairly and in good faith, and to at all times act in Ms. McKeithan's best interests;

(m) Lincoln failed to support the termination of benefits with substantial evidence;

(n) Lincoln imposed a standard not required by the Plan's provisions, by requiring objective evidence of Ms. McKeithan's subjective medical conditions where such evidence cannot be reasonably provided;

(o) Lincoln denied Ms. McKeithan's claim for a lack of objective medical evidence when Ms. McKeithan has provided ample subjective evidence of a disability and Lincoln has neither identified any objective evidence that Ms. McKeithan could have supplied to support the claim and has not had Ms. McKeithan undergo an independent medical examination or a similar in-person probative procedure to test the validity of her complaints;

(p) Lincoln failed to consider Ms. McKeithan's non-exertional

limitations caused by her disability, such as the side effects of her

prescribed medication, her ability to regularly attend work, and the

effect her disability has on her concentration, persistence, and pace

when performing the material duties of his occupation;

(q) Lincoln wrongfully denied Ms. McKeithan's LTD benefits in such

other ways to be shown through discovery and/or hearing.

41.     As a result of the foregoing, the relief to which Ms. McKeithan is

entitled includes: (1) monthly LTD income benefits to Ms. McKeithan, (2) payment

of back benefits from January 21, 2021 to the date of judgment, (3) pre-judgment

interest, (4) equitable relief, including declaratory and injunctive relief, to redress

Lincoln's practices that are violative of the Plan and ERISA, and to enforce the terms

of the Plan and ERISA, and (5) an award of attorney's fees and costs pursuant to 29

U.S.C. § 1132(g).

## CAUSES OF ACTION

### COUNT ONE
### ERISA (Claim for Benefits Owed under Plan)

42.     Plaintiff hereby incorporates by reference each and every fact as if it

was restated herein.

43.     At all times relevant to this action, Ms. McKeithan was a participant of

the Plan underwritten by Lincoln and issued to Unilever United States and was

eligible to receive disability benefits under the Plan.

44.     As more fully described above, the termination and refusal to pay Ms. McKeithan's benefits under the Plan for the period from at least on or about January 21, 2021 through the present constitutes a breach of Defendant's obligations under the Plan and ERISA. The decision to deny benefits to Ms. McKeithan constitutes an abuse of discretion as the decision was not reasonable and was not based on substantial evidence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court for the following:

1.     A judgment ordering the applicable standard of review in this case is *de novo*;

2.     A judgment ordering that by a preponderance of the evidence, the Defendant has breached its fiduciary duty to the Plaintiff by wrongfully denying her LTD benefits owed to her through the Plan;

3.     In the alternative, if the Court determines that the applicable standard of review is the heightened arbitrary and capricious standard, the Court may take and review the records of Defendant and any other evidence that it deems necessary to conduct an adequate arbitrary and capricious review and enter a judgment that Defendant's decision to wrongfully deny Plaintiff's LTD benefits was unreasonable, arbitrary and capricious, and unsupported by substantial evidence;

4.     Declaratory and injunctive relief, finding that Defendant violated the

terms of the Plan and Plaintiff's rights thereunder by terminating Mc. McKeithan's LTD benefits; that Ms. McKeithan is entitled to a continuation of future LTD benefits from Defendant pursuant to the Plan;

5.     Declaratory and injunctive relief, finding that Defendant breached its fiduciary duties to Plaintiff; enjoining Defendant from further violations of its fiduciary duties; and directing Defendant to take all actions necessary to administer the Plan in accordance with the terms and provisions thereof and Defendant's fiduciary and other obligations arising under ERISA;

6.     A judgment ordering Defendant to pay Ms. McKeithan's LTD benefits from January 21, 2021 through the date judgment is entered herein, together with pre-judgment interest on each and every such monthly payment through the date of judgment;

7.     An award of attorney's fees and costs pursuant to 29 U.S.C. § 1132(g);

8.     For such other and further relief as the Court deems just, fit and proper.

Respectfully submitted this the 23rd day of November, 2022.

/s/ Peter H. Burke_____
Peter H. Burke (ASB-1992-K74P)
pburke@burkeharvey.com
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
Phone: 205-747-1901
Fax: 877-718-9952
Attorney for Plaintiff Barbara McKeithan

14

**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:**

The Lincoln National Life Insurance Company
c/o Legal Department
175 Berkeley Street
Boston, MA 02116