FILED
2023 Aug-30 PM 06:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BARBARA MCKEITHAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 2:22-cv-01490-RDP** |
| **THE LINCOLN NATIONAL** | ) | |
| **LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# JOINT REPORT REGARDING ERISA CASE

Pursuant to the Court's Orders dated June 29, 2023 (Documents 9 and 10), Plaintiff Barbara McKeithan and Defendant The Lincoln National Life Insurance Company submit the following joint report:

**(1) If plaintiff has named more than one defendant, do the defendants agree that a particular named defendant, or a third-party who is not a defendant, is the single entity responsible for the alleged ERISA violation or violations? If so, name that entity.**

N/A

**(2) Provide the court with an electronic and paper copy of the administrative record as it presently exists, including the plan document and the summary plan description. Are the parties in agreement about the accuracy and completeness of the administrative record as it presently exists?**

**If the parties disagree about the accuracy or completeness of the current administrative record, what is the basis for their disagreement?**

The parties are in agreement about the accuracy and completeness of the administrative record as it presently exists and are filing electronic and paper copies with the Court contemporaneously with the submission of this Report.

**(3) If the court finds monetary liability, do the parties agree on the amount due, taking into consideration any offsets? If so, state the amount. If not, each party SHALL explain the amount it proposes.**

The gross monthly benefit in dispute in this action is $2,064.40 (60% of the $3,440.67 monthly salary). Additionally, the monthly disability benefits awarded from the Social Security Administration constitute an offset to benefits under the terms of the Policy. Additionally, as benefits were previously paid with no SSDI offset, there may be an overpayment of benefits as a result of Plaintiff's receipt of retroactive SSDI benefits for January 2019 through August 2020. If Plaintiff succeeds in this litigation, she may only recover past benefits under this action, along with reinstatement of benefits under the terms of the Plan. Additionally, the overpayment must be paid from any award to Plaintiff of past benefits in this action. The parties are resolving issues regarding the SSDI offset but expect to reach agreement on the appropriate offset and the amount of the overpayment, if any.

**(4) Does plaintiff seek benefits only pursuant to 29 U.S.C. § 1132(a)(1)(B), or does plaintiff seek relief pursuant to 29 U.S.C. § 1132(a)(3)?**

Plaintiff seeks relief pursuant to 29 U.S.C. § 1132(a)(1)(B).

**(5) Do the parties agree that the case should be decided on the administrative record alone? If not, what additional presently available evidence should be considered, and why?**

The Parties agree that this matter should be tried on the Administrative Record and propose the Court enter a briefing schedule for cross motions for summary judgment.

**(6) If any party believes that discovery beyond the administrative record will be needed, describe the nature of such evidence, and how the party proposes to obtain it.**

Plaintiff's Contention:

Plaintiff believes he is entitled to conflict discovery to see the extent of the conflict of interest. This discovery can be done with interrogatories.

Defendant's Contention:

None at this time.

**(7) What is the proper standard-of-review, and why?**

The arbitrary and capricious standard will apply as the relevant plan document contains sufficient language to invoke that standard of review, as set for below:

> Liberty shall possess the authority, in its sole discretion, to construe the terms of this policy and to determine benefit eligibility hereunder. Liberty's decisions regarding construction of the terms of this policy and benefit eligibility shall be conclusive and binding. (*See* Joint Stipulated Record, Exhibit 1 at Lincoln/McKeithan 0049)

**(8) If any defendant relies upon a discretionary clause in the plan, does Plaintiff concede that the clause meets the *Bruch* standard? If not, why?**

Yes.

**(9) Did any decision-maker whose decision is contested, operate under a structural conflict-of-interest?**

Plaintiff's Contention:

Plaintiff asserts there was a conflict and that he is entitled to limited discovery to determine the extent of such conflict.

Defendant's Contention:

As Lincoln was acting as both the claims fiduciary and the insurer with regard to Plaintiff's claim for benefits from the LTD Plan under the Policy, it will be deemed to have a conflict of interest. However, this is the sole source of Lincoln's alleged conflict of interest in this action, and there is no evidence in the administrative record that indicates this conflict impacted the decision. Moreover, Lincoln has taken affirmative steps to separate its underwriting and claims functions and to ensure accuracy in its claim process. Lincoln has specifically been found to have taken "steps, including physical separation of disability case managers and employees who make underwriting and premium decisions, and requiring management oversight and review of any claim denial" such that "the Court should give minimal weight to the demonstrated conflict of interest" that results from its both determining eligibility for benefits and providing those benefits.

**(10) If any defendant interposes a defense of plaintiff's alleged failure to exhaust administrative remedies, what does the alleged failure consists of?**

It is Defendant's position that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). However, Defendant

specifically denies, that administrative remedies were necessarily exhausted by Plaintiff with regard to any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of his claim or during the administrative review process.

**(11) Is this case subject to remand of the dispute to the plan administrator, or other decision-making entity? If not, explain why?**

Plaintiff's Contention:

If the Court rules in Plaintiff's favor, remand would be appropriate to determine the amount of back owed benefits.

Defendant's Contention:

It is clear from the Policy that disability benefits Plaintiff receives from the Social Security Administration, retirement benefits, and any workers' compensation benefits will all be considered "Other Income Benefits" that must be deducted from any benefit award to him. Thus, in the unlikely event the Court finds that Lincoln's decision to deny Plaintiff's benefits was arbitrary or capricious, the claim must be remanded back to Lincoln to calculate the correct amount of past due benefits in light of these offset provisions.

**(12) Does plaintiff claim any procedural shortcoming by defendant or defendants that may affect liability? If so, describe.**

No.

**(13) Has the Social Security Administration been involved in any way in the subject matter of the case? If so, describe that involvement in detail along with the result.**

The Social Security Administration initially approved Plaintiff for SSDI benefits for a closed period. Plaintiff then received SSI for several months until she was again awarded SSDI benefits going forward.

**(14) Does plaintiff complain about the decision-maker's interpretation of the plan language? If so, what is the difference in interpretation between the parties?**

No, just the conclusions it drew from the facts before it.

**(15) Does plaintiff complain about any of the plan administrator's findings of fact (in contrast to conclusions reached upon such facts)? If so, in what respects?**

Plaintiff asserts that Defendant cherry-picked evidence from the file, ignored relevant medical as set out in the Complaint, and improperly "interpreted" evidence that actually supported Plaintiff's limitations.

**(16) Does any party believe that the liability question cannot be finally disposed of upon cross-motions by the parties on a written record? If not, explain why in detail.**

The Parties agree that the liability question can be finally disposed of upon cross-motions by the parties on a written record. As such, it is anticipated by the Parties that, if this case is not settled through informal discussions or mediation, the claim will be resolved with Cross Motions for Summary Judgment.

**(17) When should the case be ready for a final disposition, whether upon cross motions or upon bench trial?**

If this case is not settled through informal discussions or mediation, the Parties will be ready to submit cross-motions for summary judgment by January 2024.

**(18) Does any party desire mediation?**

The parties will engage in good-faith settlement efforts to resolve this matter but do not seek mediation at this time.

Respectfully Submitted,

*/s/* Peter H. Burke

Peter H. Burke, Esq.
ASB-1992-K74P
**CR Legal Team, LLP**
3535 Grandview Parkway
Suite 100
Birmingham, Alabama 35243
Phone: 205-930-1901
Fax: 877-412-1672
Email: phburke@crlegalteam.com

ATTORNEYS FOR PLAINTIFF

AND

/s/*Iwana Rademaekers*

**IWANA RADEMAEKERS**
(*Admitted Pro Hac Vice*)
Texas Bar No. 16452560
Attorney for Defendant
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

- And -

Matthew W. Robinett
ASB-3523-I72M
Attorney for Defendant
NORMAN, WOOD, KENDRICK & TURNER
Ridge Park Place, Suite 3000
1130 22nd Street South
Birmingham, AL 35205
Telephone: (205) 328-6643
Facsimile: (205) 251-5479
Email: mrobinett@nwkt.com

ATTORNEYS FOR DEFENDANT